UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00253-JD-PRC |
| | ) | |
| NORTHWEST REGIONAL SURGERY CENTER, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants submit, pursuant to Fed R. Civ. P. 9(b) and 12(b)(6), this Motion to Dismiss Counts I through V and Counts VII and VIII of the Complaint filed by Connecticut General Life Insurance Company *et al.* (collectively, "Cigna"). This Motion is supported by Defendants' Brief in Support and authorities cited therein, filed herewith, in accordance with Local Rule 7.1(b). As set forth more fully in the accompanying Brief, Cigna's Counts I through V and Counts VII and VIII must be dismissed for the following reasons:

1. This case is duplicative of cases filed by Plaintiffs against other Ambulatory Surgery Centers ("ASCs") in Colorado and Maryland in which Cigna has attempted to turn a straightforward billing dispute between Cigna and various ASC defendants into a RICO, ERISA, and civil tort action. However, the Colorado and Maryland Courts already ruled against Cigna with respect to its RICO claims and certain ERISA and state law claims, making factual findings and legal conclusions that collaterally estop Cigna from pursuing those claims with the hope of a different result in this forum.

1

2.     Cigna's Counts I.A-I.K allege eleven identical civil claims under the Racketeer Influenced and Corrupt Organizations Act, 42 U.S.C. §§ 1961-68 ("RICO"), arising from each of the eleven Defendant ASCs' submission of claims to Cigna, which Cigna claims to be "mail fraud" or "wire fraud."  Cigna's civil RICO claims must be dismissed pursuant to Rule 12(b)(6) for each of the following reasons:

(a) Cigna has failed to properly allege a criminal enterprise distinct from the Defendants or the alleged "pattern of racketeering activity;"

(b) Cigna has failed to properly allege that each Defendant conducted or participated in the conduct of the enterprise's affairs, and not just their own affairs;

(c) Cigna has failed to plead a pattern of racketeering activity both by failing to plead that SurgCenter, itself, engaged in any predicate acts and because it has failed to plead mail fraud or wire fraud with particularity as required by Fed. R. Civ. P. 9(b); and

(d)   Cigna has failed to plead injury "by reason of" a §1962 violation, 18 U.S.C. §1964(c).

3.   Cigna's state law claims should also be dismissed.  First, they are pre-empted by ERISA.  Second, Cigna fails to plead fraud.  Third, Indiana does not recognize a civil cause of action for "aiding and abetting" fraud as pleaded by Cigna.  Fourth, Cigna has not pleaded negligent misrepresentation.   And fifth, Cigna pleads itself out of court on its "unjust enrichment" claim by acknowledging that a contract governs the parties' dispute.

4.  Cigna's ERISA claims also fail.  Cigna lacks standing to assert ERISA claims for the plans that Cigna does not insure or the plans for sponsored by religious or governmental

employers, which are exempt from ERISA.   Nor can Cigna demonstrate "injury in fact" for plans under which Cigna is not a fiduciary or constitutional standing for plans under which Cigna may be a fiduciary.  Cigna's "Equitable Lien" claim also fails because Cigna has not described any "specifically identifiable" funds distinct from the defendant ASCs' general funds, as the Maryland and Colorado district courts previously held.

5.  Finally, Cigna's declaratory judgment claim fails because it is simply an attempt by Cigna to recast its doomed ERISA restitution claims, and adds nothing to what will already have been determined in resolving Cigna's other contentions.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss Counts I-V and VII-VIII in their entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 9(b), and grant Defendants all other appropriate legal and equitable relief.

Dated: September 14, 2015.

BARNES & THORNBURG LLP


By  /s/  Brian E. Casey
     Brian E. Casey (23263-71)
     *brian.casey@btlaw.com*
     Kelly J. Hartzler (24929-20)
     *kelly.hartzler@btlaw.com*
700 1st Source Bank Center
100 North Michigan Street
South Bend, Indiana  46601-1632
Telephone:  (574) 233-1171
Facsimile:   (574) 237-1125

Alice J. Springer (25105-64)
*alice.springer@btlaw.com*
121 W. Franklin, Suite 200
Elkhart, Indiana  46516-3200
Telephone:  (574) 293-0681
Facsimile:   (574) 296-2535


ATTORNEYS FOR DEFENDANTS

3

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Daniel K. Ryan | Joshua B. Simon (PHV) |
| Hinshaw & Culbertson LLP | Warren Haskel (PHV) |
| 222 North LaSalle Street, Suite 300 | Kirkland & Ellis LLP |
| Chicago, IL  60601-1081 | 601 Lexington Avenue |
| | New York, NY  10016 |

BARNES & THORNBURG LLP


By /s/  Brian E. Casey

SBDS01 416680v1