IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY<br><br>    PLAINTIFFS,<br><br>V.<br><br>NORTHWEST REGIONAL SURGERY CENTER, LLC, ADVANCED REGIONAL SURGERY CENTER LLC, CARMEL SPECIALTY SURGERY CENTER LLC, COLUMBUS SPECIALTY SURGERY CENTER LLC, INDIANA SPECIALTY SURGERY CENTER LLC, METRO SPECIALTY SURGERY CENTER LLC, MIDWEST SPECIALTY SURGERY CENTER LLC, MUNSTER SPECIALTY SURGERY CENTER LLC, RIVERVIEW SURGERY CENTER LLC, SOUTH BEND SPECIALTY SURGERY CENTER LLC, SYCAMORE SPRINGS SURGERY CENTER LLC, SURGICAL CENTER DEVELOPMENT, INC. D/B/A SURGCENTER DEVELOPMENT, SURGICAL CENTER DEVELOPMENT #3 LLC<br><br>    DEFENDANTS. | Civil Action No.: 2:15-cv-253-JD-PRC |

CIGNA'S SUR-REPLY TO DEFENDANTS'
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

  Count VIII of Cigna's Complaint seeks relief under ERISA § 502(a)(3) for (among other things) recovery of Cigna's overpayments to Defendants, which Cigna alleges are subject to an equitable lien.  (Dkt. 37 ¶¶ 171-82.)  Relying on *Montanile v. Bd. of Trustees of the Nat'l Elev. Indus. Health Benefit Plan*, No. 14-723 (U.S. Jan. 20, 2016) (attached as Ex. 1) and *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006), Defendants argue that Cigna's plans do not create an equitable lien because Cigna's plan terms do not "mention 'equitable liens,' 'constructive trusts,' or 'reimbursement.'"  (Reply at 6-7.)  But the plan in *Sereboff* did not

expressly reference liens either.[1]  Yet as *Montanile* recognized, "the basis for the plan's claim [in *Sereboff*] ***was equitable*** because the plan sought to enforce an equitable lien by agreement[.]" (Ex. 1 at 6 (emphasis added).)  In *Montanile*, the relevant plan terms likewise did not expressly reference liens or trusts,[2] but the Court still held that "[t]he Board had an equitable lien by agreement that attached to Montanile's settlement fund when he obtained title to that fund." (*Id.* at 7; *see also id.* (the Board could have enforced its lien "had it immediately sued to enforce the lien against the settlement fund then in Montanile's possession.").)  So too does Cigna have an equitable lien for its overpayments to Defendants.

Defendants also argue that Cigna's equitable lien claim fails because under *Montanile*, "plaintiff could not attach the defendant's general assets." (Reply at 8.)  But Cigna does not seek to recover from Defendants' general assets.  Rather, Cigna has alleged that the "overpayments are within the possession and control of the ASCs, and are specifically identifiable." (FAC ¶ 179.)  Moreover, this issue should not be resolved at the Rule 12(b)(6) stage in any event.  In *Montanile*, the district court had not "determine[d] whether Montanile kept his settlement fund separate from his general assets or dissipated the entire fund on nontraceable assets" (Ex. 1 at 14), so the Supreme Court remanded for the court to make those findings.  Here, this Court cannot determine on the pleadings whether all eleven Defendant-ASCs have already fully dissipated all of Cigna's overpayments on nontraceable assets.  This question is not ripe and should be decided on a full factual record instead.

---

[1] *See* 547 U.S. at 359 (the relevant plan provision in *Sereboff* "applies when [a beneficiary is] sick or injured as a result of the act or omission of another person or party, and requires a beneficiary who 'receives benefits' under the plan for such injuries to 'reimburse [Mid Atlantic]' for those benefits from '[a]ll recoveries from a third party (whether by lawsuit, settlement, or otherwise.")') (alterations in original).

[2] *Montanile*, Ex. 1 at 2 ("The plan states: 'Amounts that have been recovered by a [participant] from another party are assets of the Plan . . . and are not distributable to any person or entity without the Plan's written release of its subrogation interest.'  The plan also provides that 'any amounts' that a participant 'recover[s] from another party by award, judgment, settlement or otherwise . . . will promptly be applied first to reimburse the Plan in full for benefits advanced by the Plan . . . and without reduction for attorneys' fees, costs, expenses or damages claimed by the covered person.'") (alterations and ellipses in original).

DATED this 9th day of February, 2016          Respectfully submitted,

                                                                         HINSHAW & CULBERTSON LLP

                                                                          /s/ *Daniel K. Ryan*
                                                                          Daniel K. Ryan

| | |
|---|---|
| Joshua B. Simon | Daniel K. Ryan |
| Warren Haskel | HINSHAW & CULBERTSON LLP |
| Dmitriy Tishyevich | 222 North LaSalle Street, Suite 300 |
|   (*All admitted pro hac vice*) | Chicago, IL 60601-1081 |
| KIRKLAND & ELLIS LLP | Telephone:  312-704-3000 |
| 601 Lexington Avenue | Facsimile:  312-704-3001 |
| New York, NY 10016 | dryan@hinshawlaw.com |
| jsimon@kirkland.com | |
| whaskel@kirkland.com | |
| dmitriy.tishyevich@kirkland.com | |
| Tel:  212-446-4800 | |
| Fax  212-446-4900 | |

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of February, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

                  */s/ Daniel K. Ryan*
                  Daniel K. Ryan

131283411v1 0974595