IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY<br><br>    PLAINTIFFS,<br><br>V.<br><br>NORTHWEST REGIONAL SURGERY CENTER, LLC, ADVANCED REGIONAL SURGERY CENTER LLC, CARMEL SPECIALTY SURGERY CENTER LLC, COLUMBUS SPECIALTY SURGERY CENTER LLC, INDIANA SPECIALTY SURGERY CENTER LLC, METRO SPECIALTY SURGERY CENTER LLC, MIDWEST SPECIALTY SURGERY CENTER LLC, MUNSTER SPECIALTY SURGERY CENTER LLC, RIVERVIEW SURGERY CENTER LLC, SOUTH BEND SPECIALTY SURGERY CENTER LLC, SYCAMORE SPRINGS SURGERY CENTER LLC, SURGICAL CENTER DEVELOPMENT, INC. D/B/A SURGCENTER DEVELOPMENT, SURGICAL CENTER DEVELOPMENT #3 LLC<br><br>    DEFENDANTS. | Civil Action No.: 2:15-cv-253-JD-PRC |

CIGNA'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") respectfully submit a recent decision in *Arapahoe Surgery Center, LLC. et al. v. Cigna Healthcare, Inc. et al.*, Case No. 12-cv-3422 (D. Colo. Mar. 21, 2016) (attached as Ex. A) as supplemental authority in opposition to Defendants' Partial Motion to Dismiss the First Amended Complaint. (*See* Dkts. 44-45, 46, 48.)  Both parties have cited to *Arapahoe* in briefing on Defendants' motion, insofar as some of the counterclaims that Cigna brought against SurgCenter-affiliated ASCs in that litigation are similar to Cigna's claims

against Defendants-ASCs here.  (*See, e.g.*, Dkt. 45 at 5-11; Dkt. 46 at 6, 8, 14, 16.)  *Arapahoe* recently ruled on the parties' cross-motions for summary judgment, and it allowed Cigna's counterclaims for declaratory relief, injunctive relief under ERISA, tortious interference with contract, and unjust enrichment to proceed to trial.  (Ex. A at 27, 32-42.)  Several of the *Arapahoe* court's rulings further confirm that Defendants' motion to dismiss should be denied.

*First*, in *Arapahoe*, the counterclaim-defendants argued (as Defendants do here) that Cigna's unjust enrichment claim was preempted "because it requires interpretation of Cigna's benefit plans."  (Ex. A at 34; *see* Dkt. 45 at 19 (Defendants arguing that Cigna's unjust enrichment claim is preempted because it "require[s] analyzing plan terms").  *Arapahoe* correctly rejected that argument.  It held that Cigna's unjust enrichment claim "does not require . . . interpretation" of the plans, because it "is based on a finding that Cigna made overpayments relative to the actual value of the [ASCs'] services rather than relative to what Cigna was contractually permitted to pay under the plans." (Ex. A at 34-35.)  That is just what Cigna has said here.  (*See* Dkt. 46 at 22 (pointing out that Cigna's state-law claims turn on the ASCS' misconduct that "exists entirely separate of any ERISA plan terms and obligations").)

*Second*, *Arapahoe* held that Cigna has standing to recover damages for its unjust enrichment and tortious interference claims under Cigna's self-funded plans (*i.e.*, plans that Cigna administers but that are funded by employers).  (Ex. A at 39-40.)  In so holding, *Arapahoe* rejected the ASCs' argument (the same that Defendants raise here) that Cigna has no standing to pursue those claims because any damages were purportedly "suffered by the plan sponsor, not Cigna."  (*Id.*; *see* Dkt. 45 at 14-15 (Defendants arguing that Cigna lacks standing for claims under self-funded plans because any "injury would have been suffered by the plans that paid the claims, not Cigna.").  *Arapahoe* correctly concluded that because Cigna's agreements explicitly

authorized it to "take all reasonable steps to recover . . . overpayment[s]," Cigna has the right "to seek overpayments on [Cigna's clients'] behalf, and therefore Cigna has standing to pursue these claims." (Ex. A at 39-40.) Just so here. (*See* 1st Am. Compl. ¶ 41 ("Regardless of the type of plan funding, all of the plans at issue authorize Cigna to recover any overpayments made by the plans on the plans' behalves.")

   ***Third*,** the ASCs in *Arapahoe* argued (again, same as Defendants here) that Cigna's claim for a declaratory judgment should be dismissed as duplicative of Cigna's other claims. (Ex. A at 41; *see* Dkt. 45 at 12 (Defendants arguing that Cigna's declaratory judgment claim should be dismissed as duplicative of the ERISA injunctive relief claim).) *Arapahoe* squarely rejected that argument, finding that dismissing Cigna's declaratory judgment claim even at the summary judgment stage would be premature "given the factual disputes in the remaining claims." (Ex. A at 41.) That is all the more true in this case, since Defendants are seeking dismissal on the pleadings. As Cigna already said, "to the extent there is any doubt about whether Cigna's declaratory relief claim is duplicative, those questions should not be resolved on the pleadings." (Dkt. 46 at 21.)

   For these additional reasons, the Court should deny Defendants' partial motion to dismiss in its entirety.

DATED this 23rd day of March, 2016　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　HINSHAW & CULBERTSON LLP

　　　　　　　　　　　　　　　　　　　　/s/ *Daniel K. Ryan*
　　　　　　　　　　　　　　　　　　　　Daniel K. Ryan

| | |
|---|---|
| Joshua B. Simon | Daniel K. Ryan |
| Warren Haskel | HINSHAW & CULBERTSON LLP |
| Dmitriy Tishyevich | 222 North LaSalle Street, Suite 300 |
| 　(*All admitted pro hac vice*) | Chicago, IL 60601-1081 |
| KIRKLAND & ELLIS LLP | Telephone:  312-704-3000 |
| 601 Lexington Avenue | Facsimile:  312-704-3001 |
| New York, NY 10016 | dryan@hinshawlaw.com |
| jsimon@kirkland.com | |
| whaskel@kirkland.com | |
| dmitriy.tishyevich@kirkland.com | |
| Tel:  212-446-4800 | |
| Fax  212-446-4900 | |

*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 23rd day of March, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

                  */s/ Daniel K. Ryan*
                  Daniel K. Ryan

131335035v1 0974595