IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY<br><br>       PLAINTIFFS,<br><br>V.<br><br>NORTHWEST REGIONAL SURGERY CENTER, LLC, ADVANCED REGIONAL SURGERY CENTER LLC, CARMEL SPECIALTY SURGERY CENTER LLC, COLUMBUS SPECIALTY SURGERY CENTER LLC, INDIANA SPECIALTY SURGERY CENTER LLC, METRO SPECIALTY SURGERY CENTER LLC, MIDWEST SPECIALTY SURGERY CENTER LLC, MUNSTER SPECIALTY SURGERY CENTER LLC, RIVERVIEW SURGERY CENTER LLC, SOUTH BEND SPECIALTY SURGERY CENTER LLC, SYCAMORE SPRINGS SURGERY CENTER LLC, SURGICAL CENTER DEVELOPMENT, INC. D/B/A SURGCENTER DEVELOPMENT, SURGICAL CENTER DEVELOPMENT #3 LLC<br><br>       DEFENDANTS. | Civil Action No.: 2:15-cv-253-JD-PRC |

**CIGNA'S RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (together, "Cigna") submit this response to Defendants' Notice of Supplemental Authority regarding *Connecticut General Life Insurance Company v. Humble Surgical Hospital, LLC*, No. 4:13-cv-3291, 2016 WL 3077405 (S.D. Tex. June 1, 2016), filed on June 7.  (Dkt. 53 ("Notice").)[1]

---

[1] Cigna strongly disagrees with the *Humble* decision but will not detail those disagreements here in order to keep this response short.  By citing to *Humble*'s holdings, Cigna does not agree that that court's legal conclusions or findings of fact are correct.

*First*, Defendants are wrong that *Humble* supports dismissal of Cigna's equitable claim for overpayments under ERISA at the pleadings stage.  As Cigna already pointed out, many courts interpreting the same or substantially similar overpayment recovery provisions in Cigna's plans as the ones at issue here have concluded—contrary to *Humble*—that those provisions do in fact create an equitable lien by agreement.  (*See* Cigna's Opp. to Defs.' Mot. to Dismiss ("MTD Opp."), Dkt. 46 at 17-18 & nn.16-17.)   And Defendants' arguments about Cigna's claim for equitable relief based on the "tracing" method, and about what the *Humble* court had found as to that claim after a nine-day bench trial (*see* Notice at 1-2) only further highlight that this issue should not be resolved at the Rule 12(b)(6) stage.  *See Montanile v. Bd. of Trustees of the Nat'l Elev. Indus. Health Benefit Plan*, 136 S.Ct. 651, 662 (2016) (recognizing there was a dispute of "material fact on how much dissipation there was" and "a lack of evidence as to whether Montanile mixed the settlement fund with his general assets," and remanding for those findings); *Humble*, 2016 WL 3077405, at *11 (finding that "evidence presented at trial established that the funds paid by Cigna to Humble have been dissipated"); *id.* at *13 ("Evidentiary support in the record also establishes that the funds were disbursed shortly after they were received.").  This Court cannot determine on the pleadings whether all eleven Defendant-ASCs have already dissipated all of Cigna's overpayments on nontraceable assets, and this question should be resolved on a full record.

*Second*, Defendants argue that "the *Humble* court found that Cigna's attempt to obtain monetary relief through the equitable tools of injunction and declaration . . . was improper" (Notice at 2)—but Defendants *did not* move to dismiss Cigna's claim for overpayments under ERISA that seeks injunctive relief (Dkt. 45 at 1 n.1), and they cannot raise a new argument for dismissal for the first time in a notice of supplemental authority.  And as Cigna already pointed

out, its declaratory judgment claim here is not duplicative of the ERISA injunctive relief claim, because the ASCs have submitted disputed claims under both ERISA and non-ERISA plans. (*See* MTD Opp. at 21-22.)  To the extent there is any doubt about whether the declaratory judgment claim is duplicative of the claim for injunctive relief under ERISA, those questions likewise should not be resolved on the pleadings. (*Id.*)

**Third**, *Humble*'s conclusion that certain of Cigna's state-law claims are preempted by ERISA, purportedly because they require analysis of plan terms (Notice at 2-3), is irreconcilable with Supreme Court precedent, which makes clear that ERISA preempts state law claims only when "there is no other independent legal duty that is implicated by a defendant's actions." *See Aetna v. Davila*, 542 U.S. 200, 210 (2004).  Cigna's state-law claims here all implicate Defendants' duties not to commit fraud, tortiously interfere with Cigna's relationships with clients and providers, or unjustly enrich themselves (all of which are independent legal duties), and thus there is no preemption. (*See* MTD Opp. at 22-23.)  Not surprisingly, **every other court** that has considered Cigna's state-law claims against out-of-network fee-forgiving SurgCenter ASCs like the Defendants here has found that those claims are not preempted. (*See id.* (collecting cases); Dkt. 52 at 2 (submitting as supplemental authority another decision holding that Cigna's unjust enrichment claim does not require plan interpretation and is not preempted).) *Humble*—which cites *Davila* but does not even address the independent legal duty issue, *see* 2016 WL 3077405, at *12-13—stands alone.

**Finally**, Defendants argue that in *Humble*, the fraud claim failed because the defendant-hospital had no duty to disclose certain information to Cigna (Notice at 3), but this is irrelevant for multiple reasons.  For one, assuming arguendo the accuracy of the *Humble* court's recitation of facts and discussion of issues in its opinion, the misrepresentations at issue in *Humble* (where

3

the hospital failed to disclose to Cigna that it was adding 30% "use" fees to its claims) are different from the ASCs' fraudulent and affirmative misrepresentations at issue here (where in submitting claims to Cigna, the ASCs misrepresented that the insureds' billed amounts were the same as the amounts that they had billed to Cigna, among other things). (*See* First Am. Compl. ("FAC") ¶¶ 82-86, 92-98, 115-16, 118-20 & MTD Opp. at 23-26 (detailing the ASCs' misrepresentations).)

Next, again assuming arguendo the accuracy of the *Humble* court's discussion of facts and legal validity of its holdings, *Humble*'s holding that the defendant-hospital had no duty to disclose certain information to Cigna is also irrelevant because that court reached this conclusion in the context of discussing certain information contained in physicians' Use Agreements ("UAs") with the defendant-hospital. *Humble* held that those UAs were "proprietary and/or privileged" information, and it found there was no duty to disclose that information where "Cigna has not proffered a written agreement that it or any member/patient has with Humble that gives rise to a duty to disclose the UAs as a prerequisite for reimbursement on any claims." 2016 WL 3077405, at *14. But UAs are ***not*** at issue here, nor is Cigna arguing that the ASCs should have disclosed privileged information when they submitted claims. Rather, Cigna's argument is that the ASCs' claims were fraudulent because they misrepresented their billing practices to Cigna—by, among other things, misrepresenting that they had charged Cigna and their patients the same price for their services, and by routinely waiving their patients' deductibles, contrary to representations on their claim forms. (*See* FAC ¶¶ 5-9, 92-96.) Thus, the ASCs' argument that they had no duty to disclose disregards the fact that the ASCs did not simply omit relevant information, as the court found in *Humble*, but made affirmative misrepresentations to Cigna. (*See, e.g.*, *id.* ¶¶ 93-95.)

4

Finally, the ASCs ignore that under Indiana law, having chosen to submit charges to Cigna for reimbursement, they assumed a duty to disclose all material facts that are relevant to Cigna's reimbursement decisions, and so the information the ASCs omitted from their bills to Cigna is sufficient to support a fraud claim. (*See* MTD Opp. at 25-26.) The ASCs' attempt to avoid responsibility for making false statements in their claims to Cigna—statements on which they knew Cigna would rely for its reimbursement decisions—is unavailing.

DATED this 10th day of June, 2016

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Daniel K. Ryan*
Daniel K. Ryan

Joshua B. Simon
Warren Haskel
Dmitriy Tishyevich
   (*All admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10016
jsimon@kirkland.com
whaskel@kirkland.com
dmitriy.tishyevich@kirkland.com
Tel:  212-446-4800
Fax  212-446-4900

Daniel K. Ryan
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone:  312-704-3000
Facsimile:  312-704-3001
dryan@hinshawlaw.com

*Counsel for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

*/s/ Daniel K. Ryan*
Daniel K. Ryan